RIDER *v.* McILROY.

4-6173                                146 S. W. 2d 917

Opinion delivered January 27, 1941.

*Woolsey & McKenzie,* for appellant.

*Lee G. King* and *Jonah Yates,* for appellee.

HUMPHREYS, J.   This is an appeal from a judgment rendered on the 26th day of February, 1940, in the circuit court of Franklin county, Ozark district, dismissing appellant's complaint, which was an amended complaint to one which had been filed before a justice of the peace in Middle township, Franklin county, on the 21st day of March, 1936.

The amended complaint alleged, in substance, that appellant delivered to appellee his certain promissory note in the amount of $80, and that as security for the payment thereof appellant delivered to. appellee a note given by Melvin Gattis to his wife in the amount of $150, which $150 note had been assigned to appellant by his wife; that appellee collected from Gattis, the maker of the $150 note, certain sums and amounts less than the amount due on said note; that subsequently appellee delivered said $150 note to said Gattis and failed to account to appellant for the amounts due on said pledged note over and above the indebtedness due the appellee from the appellant; that appellant was entitled to a balance of $49.50 due on said $150 note from said Gattis after the payment of the amount due by appellant to appellee on the $80 promissory note from said appellant to said appellee; that by reason of appellee's failure to collect and account to appellant for said amount due on said pledged note, and by reason of the delivery of said pledged note by appellee to Gattis the appellant is entitled to judgment against appellee in the amount of

$49.50 with interest at the rate of 10 per cent. per annum from date until paid.

Appellee filed a motion to dismiss the complaint for the reason that the subject-matter of the action between appellant and appellee had been adjudicated in a prior action in a suit between said appellant and appellee in a court of competent jurisdiction and is *res adjudicata*.

This motion was overruled by the court over the objection and exception of appellee.

Subsequently an answer was filed by appellee pleading *res adjudicata* on the issues involved and denying that appellee was indebted to appellant in any sum whatever, and denying the other allegations of the complaint.

The cause was submitted to a jury upon the pleadings and the evidence adduced by the respective parties resulting in the judgment aforesaid and an appeal to this court therefrom.

The testimony reflects, without dispute, that if appellee had collected the balance due from Gattis, the maker of the $150 note, the full amount of the collateral note, he, appellee, would have owed appellant $47 after deducting therefrom amounts Gattis had paid on the $150 note and the amount of $50 due him.

The testimony, however, was in sharp conflict as to whether appellee turned over or delivered the $150 collateral note to Gattis upon payment of $50 due him by Gattis. Appellee testified that he and appellant went before a justice of the peace and each of them sued Gattis for the equity he had in the collateral note, and that at the instance and direction of appellant he had turned the collateral note over to a justice of the peace and did not turn it over to Gattis and was not instrumental in turning it over to Gattis.

The testimony was also in sharp conflict as to whether appellant had sued appellee before justice of the peace, Wright, for the alleged amount of $49.50 which he is again suing for in this suit. There was a dispute between the parties as to whether the suit before Wright was upon an $80 note with which Gattis had nothing to do or

upon the $150 collateral note which Gattis owed and which was held by appellee as collateral to secure $50. Appellee pleaded *res adjudicata,* claiming that the suit before Wright involved the same subject-matter as that the present suit involves. He testifies, in effect, that the issues involved were the same as the issues involved in the instant case and introduced the record of W. J. Wright which recites that "in the case of J. P. Rider, Plaintiff, v. W. L. McElroy, Defendant, the plaintiff on the 21st day of January, 1933, filed before me his affidavit on note given by Melvin Gattis held by W. L. McElroy and refuses to pay balance due on note to plaintiff; that on the 27th day of January, 1933, plaintiff and defendant appeared in person and with their attorneys in open court; that the court after hearing the testimony of both the plaintiff and defendant is of the opinion that the evidence is not sufficient to render a judgment. The court renders a judgment in favor of the defendant."

W. J. Wright, the justice of the peace before whom the suit was brought and tried, also testified that while he was not certain, it was his understanding that the note in controversy in his court was the note given by Melvin Gattis and held by W. L. McElroy.

Appellee testifies that the testimony given by appellant in that case was the same as his testimony in the instant case.

We have read the instructions carefully and find that the jury was correctly instructed on the issues involved, and in doing so placed the burden upon appellee to prove by a preponderance of the evidence that the issues involved in the instant case are the same issues that were involved in the case which appellant brought against appellee before W. J. Wright, a justice of the peace in and for Wittich township in Franklin county, Arkansas, before they could sustain his plea of *res adjudicata* in the instant case.

No error appearing, the judgment is affirmed.